REDMANN, Judge,
concurring.
Plaintiff was the principal shareholder and the active manager of the business of *264 the Corporation to which defendant gave the promissory note here sued on. Plaintiff was the human person who acted for the corporation on March 17, 1969 in making the $10,000 advance to defendant and in taking defendant’s $17,200 note. Plaintiff thus is not a holder in due course because he had all the knowledge that the corporation had. If any infirmity in the note exists, plaintiff is not a holder who “had no notice of any infirmity in the instrument”, La. R.S. 7:52 [N.I.L. § 52, then in force]; he had the “actual knowledge” required by R.S. 7:56 to constitute notice.
Plaintiff argues that the note never represented an indebtedness in that amount; that it and the collateral mortgage securing it were designed to protect him from other creditors. The corporate records, including the accountant’s financial report and the balance sheet as of May 31, 1969, establish that the corporation did not consider the $17,200 note an asset of the corporation. Instead, those summaries referred to “notes receivable” (actually, the sum of all items considered “loans”) in the total amount of $17,050 (of which only $16,550 was allegedly owed as of the date of the note, and of that $16,550 $1,050 does not purport to be loans in the corporate checkbook, and another $4,000 item is said by defendant not to be a loan). Whatever the purpose of the $17,200 note, it was not claimed as an asset by the corporation in its financial records.
Nevertheless, at the directors’ meeting of April 1971, defendant consented to the transfer by the corporation to plaintiff of his $17,200 note “in full payment” of the corporation’s “obligation” to plaintiff. The clear intent of that action, in which defendant joined, was to give plaintiff a $17,200 note, rather than merely to transfer to plaintiff the corporation’s claims against defendant for loans (by then, $21,050, of which some is disputed). That transaction may be assimilated to the issuance by the corporation, with defendant’s consent, of defendant’s note. The overall transaction included defendant’s becoming the sole shareholder in the corporation.
Although defendant pleaded failure of consideration, he did not establish it.
No reason appears that would justify refusing to give effect to the April 1971 transaction.